JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY of SANTA MONICA, a charter city and municipal corporation; <u>et al.</u>,<br><br>Plaintiffs,<br><br>v.<br><br>JOSHUA PHILIP PRAGER, an individual, <u>et al.</u>,<br><br>Defendants. | Case No. CV 15-4540 FMO (SSx)<br><br>**ORDER REMANDING ACTION** |

On May 6, 2015, the State of California, acting through the State Lands Commission and the Department of Parks and Recreation, and the City of Santa Monica ("City") (collectively, "plaintiffs"), filed a Complaint in Los Angeles County Superior Court ("state court") against Joshua Philip Prager and Melanie Soloway Prager, as Trustees of the Trust Agreement of the Prager Family Trust, dated March 21, 2008 (collectively, "Prager Defendants"), and JPMorgan Chase Bank, N.A., asserting state-law claims for:  (1) injunctive relief; (2) ejectment and damages for wrongful occupation; and (3) declaratory relief. (<u>See</u> Complaint at ¶¶ 24-36).  Plaintiffs' central allegation is that the Prager Defendants, as owners, beneficiaries, or residents of the property located on Palisades Beach Road, in the City of Santa Monica, ("Prager Property"), have wrongfully maintained encroachments on or within Santa Monica State Beach. (<u>See</u> <u>id.</u> at ¶¶ 4-5 & 23).  Specifically, plaintiffs allege that the Prager Defendants have excluded public access to Santa Monica State Beach by maintaining encroachments consisting of landscaping, hardscaping,

security fencing, and lawn area on approximately 1,250 square feet of Santa Monica State Beach adjacent to the Prager Property.[1] (See id. at ¶ 23).

On June 15, 2015, the Prager Defendants removed the action on federal question jurisdiction grounds pursuant to 28 U.S.C. §§ 1331 and 1441. (See Notice of Removal of Action Under 28 U.S.C. § 1441(a) ("NOR") at ¶ 3). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).[2] District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Although federal question jurisdiction "[m]ost directly . . . arises under federal law when federal law creates the cause of action asserted[,]" Gunn v. Minton, 133 S.Ct. 1059, 1064 (2013), there is "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction" in which "federal-question jurisdiction will lie over state-law claims[.]" Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S.Ct. 2363, 2366-67 (2005); see Gunn, 133 S.Ct. at 1064 ("[E]ven where a claim finds its origins in state rather than federal law . . . a special and small category of cases exist in which arising under jurisdiction still lies.") (internal quotation marks omitted). In such cases, "federal jurisdiction over a state law claim will lie if a

---

[1] Because the parties are familiar with the facts, the court will repeat them below only as necessary.

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2

federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S.Ct. at 1065.

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000). The Ninth Circuit has clarified that the Grable test does not dispense with the well-pleaded complaint rule. See Cal. Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011). As such, under the settled principles of the well-pleaded complaint rule, the existence of a federal defense is not enough to justify removal to federal court. See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original).

Finally, a removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, the removal statute is strictly construed against removal, Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009), and if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners

Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

**DISCUSSION**

The Prager Defendants' NOR asserts that federal question jurisdiction exists because the case: (1) "involves the interpretation of the Treaty of Guadalupe Hidalgo of 1848," (NOR at ¶ 3(a)); (2) "pertains to the interpretation and application of the 1854 decision of the U.S. District Court to confirm title to the subject property to the Mexican land grantee Ramona Sepulveda," (id. at ¶ 3(b)); and (3) "[t]here is federal question jurisdiction over quiet title actions which involve the interpretation of federal documents." (Id. at ¶ 3(c)). However, the NOR fails to specify in what manner the court would be required to interpret the Treaty of Guadalupe Hidalgo, what portion(s) the court would be required to interpret, and which district court decision and federal documents need to be interpreted to resolve this dispute. (See, generally, NOR). Where, as here, removal is based on federal-question jurisdiction, the notice of removal must state that removal is based on a claim under federal law and identify the specific statute (or treaty provision) and explain why the claim arises under federal law. See 28 U.S.C. § 1446(a); see also 14C Wright & Miller, Federal Practice & Procedure § 3733, at 642 (4th ed. 2009) ("the removal notice must make the basis for federal jurisdiction clear, and contain enough information so that the district judge can determine whether jurisdiction exists."). Here, the lack of specificity and vague and conclusory assertions in the subject NOR is insufficient to establish a basis for federal question jurisdiction. See, e.g., Barringer v. Parker Bros. Empl. Ret. Fund, 877 F.Supp. 358, 360 (S.D. Tex 1995) (motion to remand granted when defendant's notice of removal was vague and included only conclusory contentions of federal-question jurisdiction, stating: "it is a basic rule of removal practice that when the removing party claims that a federal question exists, it must allege all facts essential to the existence of that federal claim; a bare-bones contention that a federal question

1 exists is clearly insufficient.") (emphasis in original). Under the circumstances, the court is
2 persuaded that the Prager Defendants – as the parties seeking to invoke this court's jurisdiction
3 – have failed to meet their burden of establishing that removal is proper. See Gaus, 980 F.2d at
4 566.

Even assuming that the NOR provided sufficient information, a consideration of the NOR on the merits confirms that remand is appropriate. This case is not about determining the boundaries of a federal patent, or the San Vicente y Santa Monica rancho. Rather, this case is governed by a boundary line agreement and conveyance ("BLA No. 213"), dated March 22, 1982 and recorded on July 28, 1982. (See Complaint at ¶ 18 & Exh. E). Plaintiffs allege in the Complaint that as a result of a lawsuit filed in 1977, plaintiffs and the Prager Defendants' predecessors in interest, executed BLA No. 213, which established the boundary line at issue in this action. (See id. at ¶¶ 16-22). Moreover, according to the Complaint, a state-court judgment ("Judgment") quieting fee simple title was entered in favor of plaintiffs and recorded on December 16, 1985. (See id. at ¶ 20 & Exh. F).

Because BLA No. 213 and the Judgment have established the boundary at issue in this case, (see Complaint at ¶¶ 16-22), this case is unlike Grable, where the Supreme Court held that a state quiet title action raised a federal question because plaintiff's allegations were premised on a particular interpretation of federal law. See 545 U.S. at 310-11, 314-15, 125 S.Ct. at 2366, 2368 (plaintiff alleged in a quiet title action that the Internal Revenue Service's ("IRS") provided inadequate notice of sale of plaintiff's property). The Supreme Court explained that to prevail on his claim, the plaintiff was required to show that the IRS provided inadequate notice "as defined by federal law." Id., 545 U.S. at 314-15, 125 S.Ct. at 2368. Here, plaintiffs' claims are not premised on federal law, but instead on a BLA and the Judgment. (See Complaint at ¶¶ 16-22, Exhs. E-F). Plaintiffs simply allege that despite having had notice of the boundary of their land, established by a BLA and state-court Judgment, defendants have wrongfully occupied public land. (See Complaint at ¶¶ 22-23). Their claims require no interpretation of federal law, nor does the face of the Complaint implicate federal interests. Accordingly, this case is not within the "special

and small category of cases" in which "arising under" jurisdiction exists despite the assertion of only state law claims. See Gunn, 133 S.Ct. at 1064.[3]

Given the nature of the Complaint, it appears that, at most, the Prager Defendants intend to defend against plaintiffs' claims by challenging the validity of the underlying BLA and state-court Judgment. Accordingly, a court would only need to address questions that concern federal law if the Prager Defendants choose to raise them. Such a tactic fails to confer jurisdiction because a federal defense does not support federal question jurisdiction. See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 (It is well-settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); Cal. Shock Trauma Air Rescue, 636 F.3d at 542 ("Grable did not implicitly overturn the well-pleaded complaint rule[.]"); Mercado v. Regents of the Univ. of Cal., 2014 WL 5305472, *3 (N.D. Cal. 2014) ("Neither Grable nor Gunn has removed the requirement that the substantial federal issue appear on the face of a plaintiff's well-pleaded complaint."); New Home Mortg. Inc. v. Pierro, 2009 WL 1456617, *2 (C.D. Cal. 2009) (finding defendant's reliance on Grable misplaced since the "substantial questions of federal law that [defendant] raises are [his] defenses, and not a basis for Plaintiff's claims"); Garrett v. Bank of America, N.A., 2014 WL 1648759, *3 *(N.D. Cal. 2014) (finding Grable inapplicable because plaintiff was "not asserting a claim that require[d] the interpretation of any federal law[,]" but instead it was defendant's defense that could have "required such an interpretation").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

---

[3] The Prager Defendants do not mention, much less discuss, Gunn or Grable. (See, generally, NOR). Instead, they cite to Samuel C. Johnson 1988 Trust v. Bayfield County, Wis. 649 F.3d 799, 801 (7th Cir. 2011), to support their contention that federal jurisdiction exists over quiet title actions that involve the interpretation of federal documents. (See NOR at ¶ 3(c)). That case is inapposite; here, plaintiffs' claims are premised on a BLA and state-court Judgment, which have established the boundary at issue in this case.

1  not persuaded, under the circumstances here, that the Prager Defendants have met their burden.
2  Therefore, there is no basis for federal question jurisdiction.  See 28 U.S.C. § 1332(a).
3  **This Order is not intended for publication.  Nor is it intended to be included in or**
4  **submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 1725 Main Street, Santa Monica, California 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. Plaintiffs' Motion for Remand **(Document No. 15)** is **denied as moot**.

Dated this 13th day of July, 2015

/s/
Fernando M. Olguin
United States District Judge